| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FOR THE FIFTH JUDICIAL CIRCUIT |
| K.H., by and through her guardian ad litem, John D. Elliott, | Case No.: 2016-CP-40- 01591 |
| Plaintiff, | |
| v. | **SUMMONS** **(JURY REQUESTED)** |
| South Carolina Department of Social Services (SCDSS), Anna Jones, Pheshe Johnson, Maya Simone, Social Worker Jane Roe 1, Social Worker Supervisor Jane Roe 2, Booker Counts, and Linda Counts, | |
| Defendants. | |

TO: DEFENDANT'S ABOVE-NAMED

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this matter, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers at their office, 221 Glenwood Drive, Post Office Box 486, Manning, South Carolina 29102, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Dated: Manning, South Carolina
March 8, 2016

By:  
Robert J. Butcher
S.C. Bar No. 74722
Fed. Bar No. 9767
Deborah J. Butcher
S.C. Bar No. 74029
Fed. Bar No. 10731
The Foster Care Abuse Law Firm, PA
221 Glenwood Drive
Manning, South Carolina 29102
P.O. Box 486
Manning, South Carolina 29102
Telephone:     (803) 432-7599
Facsimile:     (803) 432-7499
rbutcher@camdensc-law.com
dbutcher@camdensc-law.com

Daniel T. Sullivan
S.C. Bar No. 66581
Fed. Bar No. 6589
The Sullivan Law Firm, LLC
907 Calhoun Street
Columbia, South Carolina 29201
Telephone:     (803) 252-3663
Facsimile:     (803) 254-5798
dansullivanlaw@sc.rr.com

Attorneys for Plaintiff K.H.

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FOR THE FIFTH JUDICIAL CIRCUIT |
| K.H., by and through her guardian ad litem, John D. Elliott, | Case No.: 2016-CP-40-01591 |
| Plaintiff, | **COMPLAINT** *(JURY REQUESTED)* |
| v. | |
| South Carolina Department of Social Services (SCDSS), Anna Jones, Pheshe Johnson, Maya Simone, Social Worker Jane Roe 1, Social Worker Supervisor Jane Roe 2, Booker Counts, and Linda Counts, | |
| Defendants. | |

The Plaintiff, complaining of the Defendants herein would respectfully show the following:

### JURISIDICTION AND PARTIES

1. That Plaintiff **K.H.** is under the age of eighteen and is a citizen and resident of the County of Richland, State of South Carolina at the time of the incident. She is currently a citizen and resident of the County of Richland, State of South Carolina. K.H. was a foster child in the legal custody of SCDSS from October 29, 2014 to December 4, 2014. During this time, SCDSS placed Plaintiff in the care and physical custody of Booker and Linda Counts.

2. That Plaintiff's guardian **John D. Elliott** brings this suit on Plaintiff's behalf. He is a licensed attorney and a citizen and resident of Richland County, South Carolina.

Page 1 of 16

3. That Defendant **South Carolina Department of Social Services**, hereinafter referred to as **SCDSS**, is an agency of the State of South Carolina created by the General Assembly of the State of South Carolina. SCDSS is responsible for ensuring that the children in its custody are safe and are receiving adequate care and treatment in accordance with applicable legal standards.

4. That Defendant **Anna Jones** is an SCDSS employee in Richland County and a resident of South Carolina during the times alleged herein. Defendant Jones was responsible for the safety and well-being of K.H. in accordance with applicable legal standards including the supervision of K.H. and any other foster child in the foster care placement.

5. That Defendant **Pheshe Johnson** was an SCDSS employee in Richland County and a resident of South Carolina during the times alleged herein. Defendant Johnson was responsible for the safety and well-being of K.H. in accordance with applicable legal standards including the supervision of K.H. and any other foster child in the foster care placement.

6. That Defendant **Maya Simone** was an SCDSS employee in Richland County and a resident of South Carolina during the times alleged herein. Defendant Simone was responsible for the safety and well-being of K.H. in accordance with applicable legal standards including the supervision of K.H. and any other foster child in the foster care placement.

7. That Defendant **Social Worker Jane Roe 1** is a fictitious name for the social worker who was the social worker for India L/N/U. Social Worker Jane Roe 1 was

an SCDSS employee and a resident of South Carolina during the times alleged herein. She was responsible for supervising her clients and the foster placement as well as the safety and well-being of the agency's clients in the placement in accordance with applicable legal standards.

8.  That Defendant **Social Worker Supervisor Jane Roe 2** is a fictitious name for the social worker who was the social worker supervisor for India L/N/U. Social Worker Supervisor Jane Roe 2 was an SCDSS employee and a resident of South Carolina during the times alleged herein. Defendant Social Worker Supervisor Jane Roe 2 was Defendant Social Worker Jane Roe 1's supervisor while India L/N/U was in SCDSS custody. She was responsible for supervising her caseworkers as well as the safety and well-being of their clients in accordance with applicable legal standards.

9.  That Defendant **Booker Counts** is a citizen and resident of Kershaw County and a foster parent who was responsible for supervising Plaintiff K.H. when she was in the same placement with India L/N/U while she was placed in the foster home.

10. That Defendant **Linda Counts** is a citizen and resident of Kershaw County and a foster parent who was responsible for supervising Plaintiff K.H. when she was in the same placement with India L/N/U while she was placed in the foster home.

11. That this Court has jurisdiction over the subject matter of this action under Article V Section 11 of the Constitution of South Carolina; Sections 14-1-80, 15-3-555, 15-78-100, and 33-56-180 of the Code of Laws of South Carolina 1976, as amended; and the Common Law of South Carolina.

12. That venue is proper in this Court under Sections 15-78-100 and 15-7-30 of the Code of Laws of South Carolina 1976, as amended. Because Plaintiff, a minor child at the time of the events, was in the custody of the Richland Department of Social Services, some of the acts and omissions alleged herein occurred in Richland County, South Carolina.

## BACKGROUND

13. That Plaintiff realleges paragraphs 1 – 12 as if restated herein verbatim.

14. That the events in this matter occurred from on or about October 29, 2014 to December 4, 2014.

15. That SCDSS was and continues to be the agency established by the State of South Carolina to investigate reports of suspected child abuse and neglect; provide necessary services to children and families to protect children who are the subject of such reports, including placing children into out-of-home custody; provide proper care to abused and neglected children in state custody; ensure the safety and well-being of such children in state custody; protect such children from further maltreatment; and secure permanent placements for such children in state custody.

16. That if a child was removed from her/his home and placed in SCDSS custody; her/his case was assigned to a caseworker. The county office of the Department of Social Services from where the child was removed or in the county where the child was placed assumed case planning and case management responsibilities over the child and the placement. These responsibilities include making face-to-face and other regular contact with the foster child and ensuring that the child and foster family are receiving

necessary services and that the child was provided adequate food, shelter, medical treatment, and safety.

17. That SCDSS was responsible for ensuring that the Plaintiff K.H. was placed in an appropriate, safe, and nurturing foster home. The SCDSS Social Workers failed to place Plaintiff K.H. in a safe environment free from sexual abuse by creating and implementing a policy of placing sexually aggressive foster children in the same foster homes with other children. Even after Plaintiff K.H. was removed from the foster placement SCDSS failed to provide any medical or mental health treatment for Plaintiff K.H. after multiple disclosures to SCDSS from various caregivers and the Assessment and Resource Center.

18. That Booker Counts and Linda Counts are a foster care provider who contracted with SCDSS to care for foster children. This includes providing for the safety and well being of these children and insuring that appropriate mental health care and treatment are provided to these children.

## CASE SUMMARY

19. That Plaintiff realleges paragraphs 1 – 18 as if restated herein verbatim.

20. That Plaintiff K.H. sues to recover compensatory and punitive damages for injuries caused by Defendants' tortious conduct and violations of her federal civil rights.

21. That Plaintiff K.H. was removed from her home and taken into foster care in the custody of SCDSS in Richland County on or about October 29, 2014. Plaintiff K.H. remained in SCDSS custody through on or about December 4, 2014.

22. That Plaintiff K.H. has special needs.

23. That on October 29, 2014 K.H. was taken into emergency protective custody by the Richland County Sheriff's Department and the Richland County Sheriff's Department handed her over to the South Carolina Department of Social Services.

24. That on November 3, 3014, the Richland County Family Court found that circumstances still existed to keep K.H. in the care of the South Carolina.

25. That while in the custody of SCDSS and in the care of Booker Counts and Linda Counts, Plaintiff was physically abused and sexually abused by another child, India L/N/U, who was in the custody of SCDSS and in the care of Booker Counts and Linda Counts.

26. That upon information and belief, India L/N/U had a history of sexual abuse and sexually acted out on other children in the past, before she sexually abused K.H.

27. That Plaintiff K.H.'s social workers, Anna Jones, Pheshe Johnson, Maya Simone, had a duty to investigate the nature and extent of abuse and neglect of each foster child with whom Plaintiff K.H. was placed at the Counts' foster home. Anna Jones, Pheshe Johnson, Maya Simone knew or should have known that India L/N/U had a history of sexual abuse and had sexually acted out on other children in the past.

28. That Social Worker Jane Roe 1 and Social Worker Supervisor Jane Roe 2, India L/N/U's social worker and social worker supervisor, had a duty to inform Booker Counts, Linda Counts and the SCDSS social workers for the other children placed at the Booker's foster home that India L/N/U had been sexual abused and was sexually aggressive with other children in the past.

29. That Booker Counts and Linda Counts were responsible for supervising foster children at all times.

30. That Booker Counts and Linda Counts were responsible for inquiring and investigating the behavioral history, abuse history, and neglect history of each child placed in their care.

31. That Booker Counts and Linda Counts knew or should have known that India L/N/U had been sexually abused and was sexually aggressive with other children and failed to remove the child the home and failed to properly supervise her around other children, in particular, K.H.

32. That Plaintiff K.H. suffered and continues to suffer greatly as a result of the shocking failures in placement, supervision, treatment, and investigation by SCDSS, Anna Jones, Pheshe Johnson, Maya Simone, Social Worker Jane Roe 1, Social Worker Supervisor Jane Roe 2, Booker Counts, and Linda Counts. These failures caused Plaintiff K.H. to suffer severe injuries and harm, both physically and mentally.

33. That as a direct and proximate result of Defendants' acts, Plaintiff K.H. suffered the following injuries: violation of his constitutional right under the Fourteenth Amendment to the United States Constitution to a safe and secure placement, violation of his constitutional right under the Fourteenth Amendment to the United States Constitution to safety and adequate care, great and permanent mental harm and injury, great and permanent physical harm and injury, physical pain from the battery, emotional distress, alteration of his lifestyle, psychological trauma, apprehension, anxiety, depression, embarrassment, shame, and a loss of enjoyment of life, all resulting from the abuse she suffered at the Counts' foster home and while in the custody and control of

SCDSS, Anna Jones, Pheshe Johnson, Maya Simone, Social Worker Jane Roe 1, and Social Worker Supervisor Jane Roe 2, which has and will in the future cause her to spend money for physical and mental health treatment services.

### First Cause of Action
### (Failure to Protect – Grossly Negligent Supervision Under the South Carolina Tort Claims Act)

34. That Plaintiff realleges paragraphs 1 – 33 as if restated herein verbatim.

35. That under the South Carolina Tort Claims Act, § 15-78-10 *et seq.* of the Code of Laws of South Carolina 1976, as amended, and the Common Law of South Carolina, SCDSS is liable for its tortious acts and the tortious acts of its employees and agents performed in the scope of their employment.

36. That SCDSS and its employees and agents, acting within the scope of their employment, were willful, wanton, careless, grossly negligent, and failed to exercise even slight care in:

    a. Placing Plaintiff K.H. in the Count's foster home without adequate supervision along with a child they knew or should have known to be dangerous and a risk to Plaintiff K.H.'s safety;

    b. Failing to adequately supervise Plaintiff K.H. and the child who sexually assaulted her;

    c. Placing Plaintiff K.H. in the physical custody of the Counts knowing that the Counts' foster home lacked adequate supervision;

    d. Failing to require nighttime supervision at the Counts;

    e.    Placing Plaintiff K.H. in the Counts' foster home with another child who SCDSS knew or should have known to be a threat to other children;

    f.    Failing to adequately supervise Plaintiff K.H. after she was attacked and sexually assaulted;

    g.    Failing to institute adequate licensing policies and practices with respect to the Counts' foster home;

    h.    Failing to adequately regulate and supervise the Counts;

    i.    Failing to adequately supervise Plaintiff K.H. at the Counts after SCDSS has knowledge that Plaintiff K.H. was or would likely be attacked and sexually assaulted;

    j.    Failing to adequately investigate other children who were already placed at the Counts foster home, including India L/N/U, so that Plaintiff K.H. would not be sexually assaulted by this child.

37. That Plaintiff K.H. suffered the attacks and sexual assaults and the injuries set out in this Complaint as the direct and proximate result of SCDSS's and its employees' and agents' tortuous acts.

38. Plaintiff asks the Court to award damages and costs of this suit.

## Second Cause of Action
### (Failure to Protect – Gross Negligence in Failing to Provide Treatment Under the South Carolina Tort Claims Act)

39. That Plaintiff realleges paragraphs 1 – 38 as if restated herein verbatim.

40. That under the South Carolina Tort Claims Act, § 15-78-10 *et seq.* of the Code of Laws of South Carolina 1976, as amended, and the Common Law of South Carolina, SCDSS is liable for its tortious acts and the tortious acts of its employees and agents performed in the scope of their employment.

41. That SCDSS and its employees and agents, acting within the scope of their employment, were willful, wanton, careless, grossly negligent, and failed to exercise even slight care in failing to provide Plaintiff K.H. with proper and prompt mental health treatment after she was attacked and sexually assaulted.

42. That Plaintiff K.H. suffered injuries set out in this Complaint as the direct and proximate result of SCDSS's and its employees' and agents' tortuous acts.

43. Plaintiff asks the Court to award damages and costs of this suit.

### Third Cause of Action
### (Failure to Protect - Negligent Supervision)

44. That Plaintiff realleges paragraphs 1 – 43 as if restated herein verbatim.

45. That Booker Counts and Linda Counts are liable for their tortious acts.

46. That Defendants Booker Counts and Linda Counts acting within the scope of their employment and agency, were negligent, willful, wanton, careless, grossly negligent, and failed to exercise even slight care in:

   a. Placing Plaintiff K.H. in their foster home without adequate supervision along with a child they knew to be dangerous and a risk to Plaintiff K.H.'s safety;

   b. Failing to adequately supervise Plaintiff K.H. and the child that sexually assaulted her;

    c. Failing to provide adequate 24-hour supervision of the foster home; and

    a. Failing to provide adequate supervision of Plaintiff K.H. after she was attacked and sexually assaulted;

47. That Plaintiff K.H. suffered the attacks and sexual assaults and the injuries set out in this Complaint as the direct and proximate result of Booker Counts' and Linda Counts' tortious acts.

48. That Plaintiff asks the Court to award damages, punitive damages, and costs of this suit.

### Fourth Cause of Action
### (Failure to Protect - Gross Negligence)

49. That Plaintiff realleges paragraphs 1 – 48 as if restated herein verbatim.

50. That Booker Counts and Linda Counts are liable for their tortious acts.

51. That Defendants Booker Counts and Linda Counts, acting within the scope of their employment and agency, were negligent, willful, wanton, careless, grossly negligent, and failed to exercise even slight care in failing to provide Plaintiff K.H. with proper and prompt mental health treatment after she was attacked and sexually assaulted.

52. That Plaintiff K.H. suffered injuries set out in this Complaint as the direct and proximate result of the Defendants' tortious acts.

53. That Plaintiff asks the Court to award damages, punitive damages, and costs of this suit.

## Fifth Cause of Action
### Failure to Protect – Violation of Fourteenth Amendment Right to a Safe and Secure Placement

54. That Plaintiff realleges paragraphs 1 – 53 as if restated herein verbatim.

55. That the Fourteenth Amendment to the United States Constitution guarantees the right of all children in custody to a safe and secure placement.

56. That under 42 U.S.C. § 1983, persons (including corporations) acting under color of state law are liable for violating constitutional rights.

57. That the SCDSS, through its unconstitutional policies and procedures, Anna Jones, Pheshe Johnson, Maya Simone, Social Worker Jane Roe 1, and Social Worker Jane Roe 2, state actors acting under color of South Carolina Law, were deliberately indifferent to Plaintiff K.H.'s constitutional right to a safe and secure foster care placement so as to shock the conscience. The Defendants SCDSS, Anna Jones, Pheshe Johnson, Maya Simone, Social Worker Jane Roe 1, and Social Worker Jane Roe 2 had notice of the danger in:

   a. By maintaining policies and procedures of placing children with histories of sexually acting out in foster homes without adequate supervision and allowing other children to be sexually assaulted that these policies have become a policy, custom, pattern, or practice of violating the constitutional rights of children in their care;

   b. Placing Plaintiff K.H. in the Counts foster home without adequate supervision along with a child they knew to be dangerous to Plaintiff K.H.'s safety;

  c. Failing to adequately supervise K.H. and the child who assaulted her;

  d. Placing Plaintiff K.H. in the physical custody of the Counts knowing that the Counts lacked adequate supervision;

  e. Failing to require 24-hour supervision in the Counts foster home;

  f. Failing to adequately supervise the Counts;

  g. Failing to adequately regulate the Counts;

  h. Failing to adequately supervise Plaintiff K.H. at the COunts after having knowledge that Plaintiff K.H. was or would likely be attacked and sexually assaulted;

  i. Failing to adequately investigate other children who were already placed at the Counts' foster home, including India L/N/U, so that Plaintiff K.H. would not be sexually assaulted by this child;

58. That Defendants SCDSS, Anna Jones, Pheshe Johnson, Maya Simone, Social Worker Jane Roe 1, and Social Worker Jane Roe 2 ignored these dangers notwithstanding their notice of them.

59. That these failures were part of the SCDSS's policy, custom, pattern, or practice of violating the Fourteenth Amendment rights of children in their care.

60. That Plaintiff K.H. suffered the attacks and sexual assaults and the injuries set out in this Complaint as the direct and proximate result of Defendants SCDSS, Anna Jones, Pheshe Johnson, Maya Simone, Social Worker Jane Roe 1, and Social Worker Jane Roe 2's constitutional violations.

61. That Plaintiff asks the Court to award damages, punitive damages, attorneys' fees and costs of this suit.

### Sixth Cause of Action
**Failure to Protect – Violation of Fourteenth Amendment Right to Adequate Care**

62. That Plaintiff realleges paragraphs 1 – 61 as if restated herein verbatim.

63. That the Fourteenth Amendment to the United States Constitution guarantees the right of all children in custody to safety and well-being.

64. That under 42 U.S.C. § 1983, persons (including corporations) acting under color of state law are liable for violating constitutional rights.

65. That the SCDSS, through its unconstitutional policies and procedures, Anna Jones, Pheshe Johnson, Maya Simone, Social Worker Jane Roe 1, and Social Worker Jane Roe 2, state actors acting under color of South Carolina Law, were deliberately indifferent to Plaintiff K.H.'s constitutional right to safety and well-being so as to shock the conscience. They had notice of Plaintiff K.H.'s need for mental health treatment after the attacks and sexual assaults and they had notice of the danger in failing to provide there services to her, yet they chose to ignore these dangers notwithstanding their notice of them.

66. That these failures were part of these Defendants' policy, custom, pattern, or practice of violating the constitutional rights of children in their care.

67. That Defendants SCDSS, Anna Jones, Pheshe Johnson, Maya Simone, Social Worker Jane Roe 1, and Social Worker Jane Roe 2 were deliberately indifferent to Plaintiff K.H.'s constitutional right to safety and general well-being so as to shock the conscious. They had notice and knowledge of the dangers created by SCDSS's policy,

Page **14** of **16**

custom, pattern, or practice of failing to provide adequate mental health treatment to children in SCDSS custody, including children like Plaintiff K.H. who were victims of attacks and sexual assaults, yet they chose to ignore these dangers notwithstanding the notice, ignored these dangers notwithstanding their notice of them.

68. That Plaintiff K.H. suffered the injuries set our in this complaint as the direct and proximate result of SCDSS's, Anna Jones, Pheshe Johnson, Maya Simone, Social Worker Jane Roe 1, and Social Worker Jane Roe 2's constitutional violations.

69. That these failures were part of the SCDSS's policy, custom, pattern, or practice of violating the Fourteenth Amendment rights of children in their care.

70. That Plaintiff asks the Court to award damages, punitive damages, attorneys' fees and costs of this suit.

WHEREFORE, Plaintiff requests the Court enter judgment in his favor for:

A. Damages in the appropriate amount;

B. Punitive damages as are appropriate;

C. Attorneys' fees, costs, expenses, and disbursements of this action;

D. Interest; and

E. Such other and further relief as is just and proper.

Dated: Manning, South Carolina

March 8, 2016

By: _____
Robert J. Butcher
S.C. Bar No. 74722
Fed. Bar No. 9767
Deborah J. Butcher
S.C. Bar No. 74029
Fed. Bar No. 10731
The Foster Care Abuse Law Firm, PA
221 Glenwood Drive
Manning, South Carolina 29102
P.O. Box 486
Manning, South Carolina 29102
Telephone:     (803) 432-7599
Facsimile:     (803) 432-7499
rbutcher@camdensc-law.com
dbutcher@camdensc-law.com

Daniel T. Sullivan
S.C. Bar No. 66581
Fed. Bar No. 6589
The Sullivan Law Firm, LLC
907 Calhoun Street
Columbia, South Carolina 29201
Telephone:     (803) 252-3663
Facsimile:     (803) 254-5798
dansullivanlaw@sc.rr.com

Attorneys for Plaintiff K.H.